## William Holmes *v.* Ira B. Peck, Administrator of Daniels.

An Attorney is responsible for ordinary skill and care in the exercise of his profession.

When an Attorney died twelve days before the return-day of an execution, in a case where real estate had been attached by the original writ, without having levied the attachment, and the attachment, not being subsequently levied, was lost; it was held, that the Attorney was not liable for damages for the loss of the attachment.

It is a fair presumption, that an Attorney acts according to the instructions of his client, unless in a case of such gross negligence, that a violation may be inferred.

This was an action on the case for the negligence of the defendant's intestate, as Attorney. The case was submitted to the Court upon the following facts, given in evidence. Daniels, the intestate of the defendant, Peck, received, as an Attorney, a certain note from the plaintiff for collection. The note being endorsed in blank, Daniels sued it in the name of Southwick, and attached, on the original writ, the real estate of Mansfield, one of the payors of the note. The suit was prosecuted to judgment; and execution issued thereon, March 6th, 1847. On the 2d of February, 1847, Daniels issued a writ in favor of Duty Lapham. Upon this writ the same real estate was attached, which had been attached upon the writ, issued in the name of Southwick, upon the plaintiff's note. The suit of Lapham was prosecuted to judgment and execution, and the land was sold for more than enough to have paid the plaintiff's demand. The Southwick execution was never levied. Daniels died twelve

days before the return day of the execution. Holmes, lived in the immediate vicinity of Daniels, and knew of his decease, yet took no steps toward levying the execution.

The statute is : " Whenever final judgment shall be rendered for the plaintiff in any suit, in which the writ was served by attachment of real estate, goods and chattels, or stock or shares in any incorporated company, the execution issued on such judgment shall be levied on the property so attached, as soon as may be ; but if the same shall not be so levied before the return day thereof, the property attached shall be discharged of such attachment." Public Laws. page 114. §6.

It was contended for the plaintiff. The defendant is liable for any unreasonable neglect of his intestate, whereby a loss has accrued to the Plaintiff. *Russell vs. Palmer* (2 Wils. 325.) *Crooker vs. Hutchinson* (1 Vermont 73.) *Biddle vs. Poorman* (3 Penn. 225.) *Smedes vs. Elmendorf* (3 Johns. 185.) *Wilcox vs. Plummer, Ex.* (3 Peter 172.) *Smallwood vs. Noster* (2 App. (Me.) 83.) *Fitch vs. Scott* (3 How. (Miss.) 314.) *Gilbert vs. Williams* (8 Mass. 57.) An Attorney undertakes to make collection, as early as possible. This execution lay idle nearly three months. There must be a loss to somebody ; who ought to bear it if not the person by whose negligence it was occasioned ?

The term, unreasonable neglect, is now used, in the same sense as the *crassa negligentia* of the early reports. The rule is, that any unreasonable neglect whereby a loss has accrued to the creditor, renders the Attorney liable. Thus, where a case was delayed two terms, it was held that the Attorney was liable. In this case, the prior attachment must be made available or the

creditor must lose his demand. Holmes could not know, that Daniels had placed his demand in this peculiar situation. Daniels knew that he had issued the Lapham writ, and was, therefore, bound to more than ordinary diligence. It was the duty of Daniels to have attended strictly to the levy of the execution,. and he could not throw this duty upon his client, the plaintiff.

It was contended for the defendant, that it is not ordinary, but gross negligence, which makes an Attorney liable. *Fitts vs. Gelding* (4 Bur. R. 260.) In the case of *Russell vs. Palmer* (2 Wilson. 325,) the second verdict was rendered on the ground of gross negligence.— Now what constitutes gross negligence depends upon the custom or practice of the county. It is admitted that the Attorney is bound to deliver executions to the officer in season to perfect the levy ; and, here, if the return day had expired when Daniels died, the defendant would have been liable. By our practice, when property is not attached, executions are not served until about the return day.

The client is bound to diligence as well as the Attorney. He is bound to show that the loss did not result from his own neglect. Now, he resided near Daniels and knew of his death and had ample time to levy the execution. There were still twelve days before the return-day.

The instructions of clients to their Attorneys are mostly confidential and cannot be proved in evidence. The presumption of the law, in the absence of evidence, is, that the Attorney acts under the instructions of his client.

CARPENTER and STEERE, for the plaintiff.

A. C. GREENE and ROBINSON, for the defendant.

William Holmes *v.* Ira B. Peck, Administrator of Daniels.

Chief Justice GREENE delivered the opinion of the Court.

This is an action on the case for the neglect of an Attorney, in delaying to deliver to the Sheriff an execution to be served upon real estate, attached upon original process. The plaintiff claims to recover, in damages, the amount due upon the execution. We recognize the principle, which subjects an Attorney for the want of ordinary skill and care in the management of the business entrusted to him, as any one else, who professes any other art or mystery. The want of ordinary care and skill, in such a person, is gross negligence. So far is plain ; but it is extremely difficult to fix upon any rule, which shall define what is negligence in a given case. It cannot be expected, that an Attorney shall be liable for the exercise of the highest skill and diligence. The habits and practice of men are widely different in this regard. While some men carry their promptness and punctuality to the highest point, never suffering an execution to lie an instant after it may be served, others allow themselves the most unrestricted latitude, which the rules of law permit. If the ordinary and average degree of diligence could be determined, it would furnish the true rule.

The following may be considered as approximating somewhat within a certain rule. Where a given time is allowed by the law, for the performance of an act, and the Attorney performs the act within that time, he cannot be rendered responsible for negligence. This is the rule established by some of the leading cases. It is the rule acted upon in 4. Burrow 260. Where real estate has been levied upon by original writ, and the lien would be lost by suffering the execution to lie over, the At-

William Holmes *v.* Ira B. Peck, Administrator of Daniels.

torney, who should not deliver the execution to the officer in time to be served, before it should be returnable, unless under the directions of his client, would be guilty of negligence.

In this case, twelve days still remained before the return day of the execution. Nothing was lost at the time of Daniels' decease, and it was the business of the creditor to have inquired into the state in which the execution was left, and to have seen that the levy was perfected.

Under our statutes, declarations are required to be filed twelve days before the first day of the term of the Court. It has always been the practice, in Rhode Island, of Attorneys residing out of the city of Providence, to bring in their declarations upon the last day on which they can be filed under the law. If an Attorney should start on the last day and die on his way, it would be hard to hold his estate liable for the damage which might accrue to his clients.

Looking at the case in another view, the arrangements between Attorneys and their clients are generally verbal and confidential. The Attorney has no written directions to show. It is a fair presumption, that he acts according to the instructions of his client, unless in a case of such gross negligence, that a violation may be inferred. In this case, we do not think there is that gross negligence. The delay may have been by the direction of the client; who may, in all cases, hurry the Attorney by his instructions. Upon these grounds we think that it would not be in accordance with any sound principle of law to charge the estate of Daniels.

Judgment for the defendant.